THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CUSTODIO GAUTIER OLIVERAS, Defendant and Appellant.

No. CR-69-131.     Decided June 8, 1970.

*Benigno Pacheco Tizol* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Jorge Ríos Torres, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant having been convicted of the offense of statutory rape and punished to serve a sentence of

from two to four years in the penitentiary, assigns that the trial court erred (1) in charging the jury about the defense of alibi and (2) in not instructing that if they believed that the prosecutrix was not at the place of the events, but in school, they should acquit appellant. He also assigns that the verdict is contrary to the evidence, there not being sufficient corroboration. We do not agree.

The evidence for the prosecution consisted of the testimony of the prosecutrix, a 13-year-old girl at the time of the events, to the effect that she went to appellant's apartment about two o'clock in the afternoon of January 31, 1967, looking for her 11-year-old sister, who was sent there by her mother to ask for a loan of two dollars from appellant, considering that the mother laundered the latter's clothes; that appellant performed the sexual act on her person, against her will, after the sister left to buy a bottle of milk at appellant's request. Said sister testified that when she returned she found appellant on top of her sister; that after shouting to him to let her free and throwing a tumbler at him, he moved away from her; that appellant "had his pecker out . . . he had it there . . . the pecker . . . there," indicating her private parts as if they were those of the prosecutrix; that appellant threatened to hit them with a stick or cut them if they told their mother what had happened. The mother testified that when she noticed that the prosecutrix had not had her period on the following month, she took her to a physician and later to another; that following the suggestion of the latter, who found the prosecutrix pregnant, she told the prosecuting attorney what had happened; then she noticed that she was "filling" until she gave birth on September 16, 1967.

The defense of alibi was alleged. A lady testified that in the afternoon of the alleged facts appellant went to her house, at her request, to fix a door and stayed there until six o'clock in the afternoon, after having been treated in the morning at the Veterans Administration, on Stop 8, Santurce, for

sinusitis; that from the Veterans Administration he went straight to her house. A fifth grade teacher at Bolívar Pagán School, contradicting the prosecutrix's testimony, said that on the date of the events she was a teacher of said girl; that on that date she saw her at the school from twelve until five o'clock in the afternoon; that she met appellant at the court, not before. The defense did not ask her about the attendance record which she kept and which she apparently had with her when she was testifying, as she gave it to the prosecuting attorney during the course of her cross-examination. Therefore, it does not appear from the evidence admitted whether the prosecutrix was marked in said record as present or absent from the classroom of said school in the afternoon of the day of the events.

The verdict of guilty was rendered unanimously, 35 minutes after the case was submitted to the jury's consideration.

■ 1.—The trial court did not err in its instruction about the alibi. The instruction, considered as a whole, is correct. It followed almost literally, the doctrine established in *People* v. *Moreu Pérez*, 96 P.R.R. 59, 62–63 (1968), in charging the jury that

". . . this does not mean, *nor should it be thus understood, that because a person charged with a public offense invokes the defense of alibi, the defendant is bound to prove, beyond a reasonable doubt, his defense of alibi. He does not have that obligation. . . . What a defendant has to do so that it may be considered that he has been successful in establishing his defense of alibi is to raise a reasonable doubt* in the mind of the trier as to whether or not he was at the place where it is alleged by the State that he was and at the very moment of the commission of the events." (Italics in the original.)

Further on, the trial judge charged the jury correctly that

". . . or if you reach the conclusion that the defendant, on the date and at the place it is alleged that he consummated this sexual relation, was at a different place from the one where he

is charged having been and committed the fact and that, therefore, he could not reasonably have .been at that place, and that therefore, he did not commit the offense; or if you have a grounded and *reasonable doubt* about whether or not defendant was actually at the place where he alleged he was, or whether he was or was not, or if you have reasonable doubt about the place where he is charged with having committed the offense, under any of those circumstances it is your duty to return to the court a verdict finding defendant not guilty of the offense of statutory rape." (Italics in the original.)

■ 2.—When the court finished making a complete and correct summary of the evidence and charging the jury, the defense said to the court:

"Don't you believe, Your Honor, I mean, *this is a question,* that it should have been charged that if the girl, for example, was not at the place where the information stated on the date and the time she said, because she was in school, if the jury reaches that. . . ." (Italics ours.)

The court answered that "I cannot delve into these incursions. I believe that they are the triers of the facts and the ones called upon to decide whether or not the one who was at the scene of the crime was the defendant, who is the one who invokes the alibi, and I said that."

The evidence of the prosecutrix's absence from the scene of the crime was directed to contradict her testimony about the occurrence of the facts which motivated the cause. As to this particular, the trial judge charged the members of the, jury correctly that ". . . it is incumbent upon you to settle every conflict in the evidence, not only when the witnesses for the prosecution contradict the witnesses for the defense, if they exist, but likewise, when the witnesses of the same party contradict each other. And in cases in which the testimonies of the witnesses are of such a contradictory nature that it is impossible for you to harmonize them, it is within your powers to decide which witnesses should be believed and which. not."

3.—The assignment grounded on the absence of corroboration lacks merit. The testimony of the prosecutrix's sister, formerly recited, sought to establish the connection of appellant with the commission of the offense as required by Rule 154 of the Rules of Criminal Procedure. The contradictions between the testimonies of the two sisters and their former testimonies concerning the fact whether they went together or separately to appellant's apartment, and whether or not the prosecutrix's sister threw a plastic tumbler at him when at her return to the apartment she found appellant on top of the prosecutrix, are contradictory facts which are not essential. The jury was not bound for that reason to reject and discredit the rest of the testimony of the said two girls. *People* v. *López Ramos*, 96 P.R.R. 683 (1968).

The testimony of the girls' mother was not adduced as part of the *res gestae*, nor as evidence of corroboration as appellant alleges to understand. This evidence was rather directed to complete the set of facts on which the information relied, that is to say, to explain why the girls went to appellant's house and witness' subsequent steps, as mother of the prosecutrix, on account of the latter's pregnant condition.

In view of the foregoing, the judgment rendered in this case by the Superior Court, San Juan Part, on October 1, 1968, will be affirmed.

The Chief Justice did not participate herein. Mr. Justice Dávila dissented without opinion.